IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PRINCIPAL LIFE INSURANCE CO. : CIVIL ACTION
:
v. :
:
MARTIN W. MINDER : NO. 08-5899

MEMORANDUM

Bartle, C.J.                                                     July 1, 2009

       Plaintiff Principal Life Insurance Company ("Principal Life"), in this diversity action, has sued defendant Martin W. Minder ("Minder"), as trustee of the Joseph C. Minder Family Trust (the "Trust"). Principal Life, among other relief, seeks to have declared void an insurance policy on the life of Minder's father, Joseph Minder who is living. Martin Minder was the agent who wrote the Policy, and he is also the trustee of the Trust, which is the record owner and beneficiary of the Policy. Minder has filed an answer in which he states a counterclaim with four claims.

       Before the court is the motion of Principal Life to dismiss Minder's counterclaim for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

       For present purposes, we accept as true the following factual allegations underlying Minder's counterclaim. We also consider relevant admissions made by Minder in his answer to the complaint.

Principal Life commenced this action on December 19, 2008. It alleges that the Policy is invalid as an unlawful stranger-originated life insurance policy (a "STOLI"),[1] a fact which Principal Life contends Joseph Minder concealed in his application. Principal Life seeks a judgment declaring that (1) the Policy is void or voidable due to a lack of insurable interest at its inception; (2) the Policy is void or voidable due to material misrepresentations in the application; and (3) Principal Life may retain some or all of the premiums paid on the Policy to off-set the costs and expenses it incurred as a result of the issuance of the Policy.

Minder has admitted that the Trust is the owner and beneficiary of the Policy, but he specifically denies that the Policy is a STOLI or was part of any STOLI scheme. He further denies that Joseph Minder entered into a premium financing agreement and contends that the Trust has properly paid the premiums.

---

1. According to Principal Life's complaint, a STOLI is an unlawful life insurance policy created for the sole purpose of benefitting third party investors who are engaged in speculation rather than those with an insurable interest. Principal Life explains that investors in STOLIs generally acquire an interest in a trust that owns the policy with the expectation that they will profit upon the death of the insured. Because STOLIs are not permissible, investors structure their transactions to hide the true nature of their investments. STOLI investors typically target aged individuals with a high net worth because they can obtain large value policies with a short lifespan. Under STOLI agreements, the insured individual submits the policy application, but the investors are typically responsible for premium payments and any fees. We, of course, do not decide at this stage whether the policy in issue is a STOLI or whether a policy of the sort described in the complaint is illegal.

Minder in his counterclaim seeks a declaratory judgment in Count I that the Policy is valid and enforceable. He alleges in Count II that Principal Life has acted in bad faith in violation of 42 Pa. Cons. Stat. § 8371 because it has no reasonable legal or factual basis for seeking a declaration that the Policy is void or voidable. Consistent with the terms of § 8371, Minder seeks punitive damages. Minder brings a claim for breach of contract in Count III based on the theory that Principal Life "anticipatorily repudiated its obligations to provide the agreed upon and intended benefits to [Minder's] beneficiaries upon his death" by filing the instant lawsuit. Finally, in Count IV,[2] Minder alleges that Principal Life breached its duty of good faith and fair dealing by "bringing this Action in an effort to improperly avoid [its] obligations under the Policies and forcing the Trust and/or Minder Trustee to engage in litigation to defend the benefits under the Policy."

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure the defending party bears the burden of showing that a pleading has not stated a claim upon which relief may be granted. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). To avoid dismissal, the party filing the pleading must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]" of the cause of action. Phillips, 515 F.3d at 234 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). In this

---

2. Count IV was inadvertently labeled as a second "Count III."

diversity action, we apply Pennsylvania substantive law to Minder's claims.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

First, Principal Life moves to dismiss Count I of Minder's counterclaim on the ground that it is the "mirror image" of its own claim for declaratory relief.  Having reviewed the pleadings, we agree.  There is a "complete identity of factual and legal issues" between the parties' respective requests for declaratory judgment.  See Aldens, Inc. v. Packel, 524 F.2d 38, 51-52 (3d Cir. 1975).  Count I of Minder's counterclaim is redundant of the issues that will necessarily be adjudicated under Principal Life's claim.  Accordingly, we will exercise our discretion to dismiss this Count.  See Aldens, 524 F.2d at 53; De Lage Landen Fin. Servs., Inc. v. Miramax Film Corp., No. 06-2319, 2009 WL 678625, at *7 (E.D. Pa. Mar. 16, 2009).

In Count II Minder alleges that Principal Life violated Pennsylvania's statute governing bad faith insurance actions, 42 Pa. Cons. Stat. § 8371, by intentionally instituting a lawsuit for declaratory judgment without any reasonable legal or factual basis.  Specifically, he states that Principal Life "filed this lawsuit in order to wrongfully avoid its obligations and duties under the Policy" and that Principal Life has "no reasonable legal or factual basis" for its requested relief.  In his brief Minder explains that Principal Life has been involved in litigation with the Delaware Valley Financial Group, Inc. ("DVFG"), the company which employs Minder.  He suggests that

Principal Life has been filing lawsuits against DVFG, its agents, and its clients in retaliation for DVFG's decision to terminate its relationship with Principal Life. These allegations appear to go beyond what Minder alleged in his counterclaim. However, even if we take them as true, Minder has not stated a claim for bad faith under § 8371.

> Section § 8371 provides:
>
> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. § 8371.

The Pennsylvania Supreme Court has spoken definitively on the meaning of "bad faith" as it is used in § 8371. See Toy v. Metropolitan Life Ins. Co., 928 A.2d 186, 195-201 (Pa. 2007). In Toy, an insured alleged that her insurance company engaged in unfair or deceptive practices in soliciting her as a customer. Id. at 189-90. She claimed that the company led her to believe that she was investing in a savings plan when in fact she was purchasing a life insurance policy that she did not want. Id. Toy sought damages under § 8371 and argued that the bad faith statute was intended to provide a remedy for any act by an

insurer which Pennsylvania common law or statutory law prohibits. Id. at 195.

The court squarely rejected such a broad view. Id. at 195-200. After a careful review of the historical development of bad faith claims by insureds against their insurers, the court held that "bad faith" as it is used in § 8371 is an unambiguous term that had a particular meaning at the time the statute was enacted in 1990. It explained:

> ["Bad faith"] concerned the duty of good faith and fair dealing in the parties' contract and the manner by which an insurer discharged its obligations of defense and indemnification in the third-party claim context or its obligation to pay for a loss in the first party claim context .... See also Black's Law Dictionary 139 (6th ed. 1990). ("'Bad Faith' on the part of an insurer is any frivolous or unfounded refusal to pay proceeds of policy.") In other words, the term captured those actions an insurer took when called upon to perform its contractual obligations of defense and indemnification or payment of a loss that failed to satisfy the duty of good faith and fair dealing implied in the parties' insurance contract.

Id. at 199-200.

Thus Toy made clear that allegations of bad faith under § 8371 are strictly limited to "those actions an insurer took when called upon to perform its contractual obligations of defense and indemnification or payment of a loss." Toy, 928 A.2d at 199. That rule was consistent with earlier decisions of our Court of Appeals that held that "the essence of a bad faith claim must be the unreasonable and intentional (or reckless) denial of benefits" UPMC Health System v. Metropolitan Life Ins. Co., 391

F.3d 497, 505 (3d Cir. 2004); accord Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (quoting Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1984) (quoting Black's Law Dictionary 139 (6th ed. 1990))). A § 8371 claim simply does not arise where an insurer files a declaratory judgment lawsuit concerning its duties under a life insurance policy under the circumstances present here.[3]

No claim for benefits has been made under the Policy. As stated above, Joseph Minder, the insured, is alive. It is therefore impossible for Minder to state a claim under § 8371 because there is no allegation that Principal Life has acted in bad faith in the handling of a claim or in the denial of benefits. Filing a declaratory judgment action concerning the parties' rights and obligations under an insurance policy prior to the time a claim becomes ripe is not tantamount to the denial or mishandling of a claim. At this time, Principal Life has not been called upon to perform any contractual obligations. See Toy, 928 A.2d at 199. Accordingly, we will grant the motion of Principal Life to dismiss Count II.

Minder contends in Count III that Principal Life has repudiated its obligation to provide the agreed upon benefits under the Policy. In Pennsylvania, to maintain an action for anticipatory breach, "there must be an absolute and unequivocal

---

3. Minder's reliance on the broad reading of § 8371 in Britamco Underwriters, Inc. v. B&D Milmont Inn, Inc., No. 95-6039, 1996 WL 153580 (E.D. Pa. Apr. 1, 1996), is inapposite. That decision was rendered years before the Pennsylvania Supreme Court spoke in Toy.

refusal to perform or a distinct and positive statement of an inability to do so." 2401 Pa. Ave. Corp. v. Fed'n of Jewish Agencies of Greater Phila., 489 A.2d 733, 736 (Pa. 1985) (internal quotations omitted). The rationale underlying the rule permitting actions for anticipatory breach is that the law should not require an obligee to perform a useless act as a condition to his or her right to recover for breach when the obligor has already demonstrated an absolute and unequivocal refusal to perform. Id. at 737.

Minder cites Principal Life's filing of the instant declaratory judgment action as proof of its absolute and unequivocal refusal to perform its obligations under the Policy. However, seeking a declaratory judgment concerning one's rights and obligations under a contract does not constitute a repudiation of that contract under Pennsylvania law. Khodara Environmental II v. Chest Twp., No. 3:2002-96, 2007 WL 4375929, *5 (W.D. Pa. Nov. 30, 2007); see also 2401 Pa. Ave. Corp., 489 A.2d at 737. The Pennsylvania Declaratory Judgment Act expressly provides for the use of declaratory judgment as a means to clarify parties' contractual rights. See 42 Pa. Cons. Stat. § 7533. Furthermore, because Principal Life's obligations under the Policy to pay the beneficiary are not yet due, Minder's obligations under the Policy such as the payment of premiums are not useless acts and cannot be excused. Based on these circumstances, we conclude that there has been no breach or unequivocal refusal to perform. Accordingly, we will grant the

motion of Principal Life to dismiss Count III for breach of contract.

Finally, in Count IV, Minder essentially reasserts his claims for breach of contract and bad faith under the guise of a claim for breach of the duty of good faith and fair dealing. The parties make no special arguments with respect to this count and instead rest on their arguments made in connection with the above mentioned claims. Therefore, we will grant the motion of Principal Life motion to dismiss Count IV.